## STATE v. ROBERT LaDUE.[1]

November 6, 1936.

No. 30,999.

*A. M. Cary* and *Mark J. McCabe,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

[1]Reported in 269 N. W. 527.

PER CURIAM.

Defendant was convicted of violating an ordinance which provides that [Minneapolis City Charter & Ordinances, 1872-1925, p. 767]: "No person shall keep or set up any gambling device whatever, designed to be used in gambling or gaming, within the city of Minneapolis." He was unsuccessful on his motion for new trial and appeals.

The only question for decision here, according to appellant's own claim, is: "Was this machine a gambling device? That is the sole and controlling issue in this case."

Some time prior to the date of defendant's arrest he had caused what he claims is a gum-vending machine to be placed in a restaurant belonging to one Schleicher. This machine was offered in evidence and its operation demonstrated before the court. The court in a memorandum attached to the order denying defendant's motion for new trial said that "it appears clearly to the court from the testimony that even though gum was given each time a coin was inserted, the machine was also designed to spell the word 'beer' on the cylinder intermittently as a stimulus to trade. It is clear to the court that the device is per se a gambling device. The intention of the ordinance is to repress the gambling propensity, the very propensity the device in question was designed to stimulate."

The man with whom the machine was placed, Mr. Schleicher, upon being questioned by the court, said with regard to a conversation he had with defendant when the machine was put in:

"Well, he told me you could give beer when it paid, when it read that way.

The Court: "When it showed 'beer' on the cylinder?

The Witness: "Yes."

Schleicher also testified:

"If you wanted to gamble I could give you five beers. * * *
Q. "Did anybody ever drop any money in it in your presence?
A. "Yes, pennies."

Defendant discreetly refrained from testifying. So we have before us only the evidence adduced in behalf of the prosecution,

which includes the offending machine. It appears that upon dropping a coin into the slot the machine would deliver one stick of gum. The same coin would at the same time set in motion a cylinder arrangement of discs upon which were various numbers and letters. If one were lucky enough he might get the letters spelling the word "beer." Such good fortune would entitle the one so playing to receive this gratuity in addition to the gum. Defendant claims, however, that there is no proof that anyone ever succeeded in getting this combination; hence that there could be no game of chance. In other words, his claim amounts to this: If one puts up a device so constructed as to make gain by the player impossible there is no gaming, chance being wholly absent. Any "sure thing" contrivance, no matter how enticing or alluring to the one who wanted "to try his luck," would, according to defendant's theory, be beyond the reach of the law. To claim that this device was not within the prohibition of the ordinance seems ridiculous. The machine was before the trial court and so were the witnesses. We think the evidence not only establishes defendant's guilt but that the same is shown so conclusively as to leave no doubt of the propriety of the result reached.

Just why appeals of this nature are brought before us is not easily discernible. Counsel should know that appeals to this court must present something worth while and have at least some shadow of genuineness. We have ample work to do in reviewing cases having merit, and we should not be pestered with frivolous and obviously useless appeals. No longer should there be justification for what was said long years ago:

"In law, what plea so tainted and corrupt,
But, being season'd with a gracious voice,
Obscures the show of evil?"

Here even the "gracious voice" is lacking.
Order affirmed.